■ EVELYN TATZ, Respondent, v. ARTHUR TATZ, Appellant.— In an action for divorce, the defendant husband appeals (1) from an order of the Supreme Court, Nassau County, dated March 9, 1971, which, *inter alia,* (a) granted plaintiff $125 per week temporary alimony and $200 per week for support of the four children of the marriage; (b) directed defendant to pay the college tuition for one daughter; (c) awarded plaintiff exclusive occupancy of the marital residence; and (d) awarded plaintiff a counsel fee of $1,000, with leave to apply to the trial court for an additional counsel fee, if warranted; and (2) as limited by his brief, from so much of an order of the same court dated April 16, 1971 as, upon reargument, adhered to the original decision. Appeal from order dated March 9, 1971 dismissed as academic, without costs. That order was superseded by the order granting reargument. Order dated April 16, 1971 modified by (a) reducing the award of temporary alimony to $90 per week; (b) reducing the award of support for the children to $150 per week; (c) deleting the provision awarding counsel fees; and (d) adding a provision referring the question of counsel fees to the trial court. As so modified, order dated April 16, 1971 affirmed insofar as appealed from, without costs. The present record is woefully lacking relative to defendant's true financial status. The remedy for any seeming inequity at bar in the direction for payment of temporary alimony on these grossly conflicting affidavits is a speedy trial whereat the true facts as to the finances and standards of living of the parties can be ascertained and plaintiff's right to alimony and support for her children can be finally determined (*Lebovics* v. *Lebovics,* 34 A D 2d 783). Plaintiff has paid her attorney a $2,000 retainer. In the posture of this case it is also our view that the matter of awarding counsel fees should be left entirely to the trial court. The action should proceed to trial promptly. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.